[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15044
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 7, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-20673-DLG-23

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ARTHUR SMITH,
a.k.a. Co-Chief,

Defendant - Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(September 7, 2011)

Before TJOFLAT, CARNES and FAY, Circuit Judges.

CARNES, Circuit Judge:

Arthur Smith appeals his 127-month sentence after pleading guilty to possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1).  He contends that an intervening decision shows that the district court erred by failing to apply the Fair Sentencing Act of 2010  (FSA) in determining his sentence.  The government responds that, regardless of the merit of Smith's contention, he waived his right to appeal his sentence and that waiver covers this claim.  We hold that FSA claims, like any other type of sentence claim, can be waived by a knowing and voluntary appeal waiver.

I.

Smith was arrested in August 2009 following a two-year government investigation of a drug distribution ring operating in southern Florida.  He was named in 14 different counts of a 43-count multi-defendant indictment.  He entered into a plea agreement with the government on June 7, 2010, agreeing to plead guilty to one count of possession with intent to distribute 50 grams or more of cocaine base.

The plea agreement contained a waiver of Smith's right to appeal any sentence that was imposed or the manner in which it was imposed, "unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range," or the government itself appealed the

sentence. Smith agreed to request that the district court "enter a specific finding" that the waiver was knowing and voluntary.

During the plea colloquy, which was conducted on June 7, 2010, the court spoke with Smith specifically about the sentence appeal waiver in his plea agreement. The court informed Smith that he ordinarily would have the right to appeal the sentence imposed, but that he was giving up or waiving his right to appeal unless the sentence exceeded the maximum allowed by statute, resulted from an upward departure from the guidelines range, or the government elected to appeal. The court emphasized that those were the only circumstances under which he would be able to appeal his sentence. The court then asked Smith whether he understood all this, and he replied that he did. At the end of the hearing the court made a specific finding that the plea agreement was knowing and voluntary.

Smith's presentence investigation report determined that his total offense level was 31 and his criminal history category was II. The PSR also noted that the minimum term of imprisonment under 21 U.S.C. § 841(b)(1)(A) (2006) was ten years and the maximum term was life. Based on his total offense level and his criminal history, Smith's guidelines range was 121 to 151 months.

Smith filed several objections to the PSR, including one arguing that he was entitled to be sentenced under the Fair Sentencing Act of 2010, Pub. L. No. 111-

220, 124 Stat. 2372 (2010), enacted on August 3, 2010, which was after Smith's criminal conduct occurred but before he was sentenced for that conduct. Smith argued that if the court applied the FSA he would be subject to a minimum sentence of 5 years instead of 10 years, and to a maximum sentence of 40 years instead of life, and he asked the court to sentence him to a term of 5 years.

At the sentence hearing that concluded on October 6, 2010, the court sentenced Smith to 127 months, which was just 6 months more than the bottom of his guidelines range of 121 to 151 months. In doing so, it rejected Smith's argument that the FSA applied, concluding that under the law in effect at that time the FSA did not apply to Smith's case. The court did note, however, that there might be "further developments" on that issue in the near future. Notwithstanding his appeal waiver, Smith appealed.

The further developments that the district court thought might happen did happen nine months after Smith's sentence hearing, when this Court issued its decision in United States v. Rojas, 645 F.3d 1234 (11th Cir. 2011). The Rojas decision held that the FSA is applicable to defendants whose criminal conduct occurred before the FSA's August 3, 2010 enactment but who were not sentenced until after that date. Id. at 1236, 1240. Smith fits into that category of defendants.

II.

4

The problem for Smith is the sentence appeal waiver he entered. Rule 11 of the Federal Rules of Criminal Procedure recognizes the enforceability of sentence appeal waivers by providing that "the court must inform the defendant of, and determine that the defendant understands, . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N). We have consistently enforced appeal waivers, according to their terms, where the district court "specifically questioned [the defendant] during the plea colloquy about the appeal waiver, adequately explained the significance of the appeal waiver, and confirmed that [the defendant] understood the full significance of the appeal waiver." United States v. Grinard-Henry, 399 F.3d 1294, 1296–97 (11th Cir. 2005); see also United States v. Bascomb, 451 F.3d 1292, 1294 (11th Cir. 2006); United States v. Brown, 415 F.3d 1257, 1272 (11th Cir. 2005); United States v. Frye, 402 F.3d 1123, 1129 (11th Cir. 2005); Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005); United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir. 2005); United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001); United States v. Buchanan, 131 F.3d 1005, 1008 (11th Cir. 1997); United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993).

III.

Under this Court's holding in Rojas, the Fair Sentencing Act would apply to Smith's case because he was sentenced on October 6, 2010, two months after the enactment of the FSA on August 3, 2010. See 645 F.3d at 1236, 1240. Were Smith to be resentenced under the Act, he would face a 60-month mandatory minimum sentence instead of the 120-month minimum sentence that the district court used in calculating his sentence. Compare 21 U.S.C. § 841(b)(1)(A)(iii)(2006), with § 841(b)(1)(A)(iii) (2010). Smith also contends that under the FSA his base offense level would be reduced, resulting in a lower sentencing guidelines range. That is far from obvious, because Smith's base offense level was calculated on the basis of powder cocaine, not crack cocaine. We will, however, assume that under the FSA Smith would have had a lower base offense level, a lower guidelines range, and a lower sentence. That assumption does not matter.

It does not matter because Smith's knowing and voluntary appeal agreement contained only three exceptions. None of those three exceptions is applicable here: Smith was not sentenced above the statutory maximum, his sentence was not the result of an upward departure from the guidelines range, and the government did not appeal. That Smith negotiated away his right to appeal an issue that a later decision indicates has merit does not affect our analysis of either the validity of his

appeal waiver or its effect. As we explained in United States v. Howle, 166 F.3d 1166 (11th Cir. 1999), a valid appeal waiver includes not only a waiver of the right to appeal difficult or debatable legal issues but also "a waiver of the right to appeal blatant error." Id. at 1169. A waiver would be worthless if it covered only issues that lacked merit. "While it may appear unjust to allow criminal defendants to bargain away meritorious appeals, such is the necessary consequence of a system in which the right to appeal may be freely traded." Howle, 166 F.3d at 1169.

Otherwise, the government would have less to gain from appeal waivers, and the less the government has to gain from them the less waivers will be worth to defendants who deal. Or, as we have put it before, an appeal waiver is of value to a defendant "because it is another chip the defendant can bring to the bargaining table and trade for additional concessions from the government," and anything that diminishes the value of the chip to the government diminishes its trading value to a defendant. Bascomb, 451 F.3d at 1294 (quoting Buchanan, 131 F.3d at 1008). Bargains have to benefit both parties or there will be nothing to bargain about.[1]

---

[1]After this opinion was written, the government filed a motion to withdraw its previously filed brief, which had argued that the appeal waiver applies, to vacate the sentence, and to remand for resentencing under the decision in United States v. Rojas, 645 F.3d 1234 (11th Cir. 2011). The motion admits that the sentencing appeal waiver does apply but states that the government has now "determined that it is appropriate under the circumstances to forego reliance upon the appeal waiver provision in this case."

7

**AFFIRMED.**

---

The primary circumstance cited in the government's motion is that Attorney General Eric Holder has changed the Department of Justice's policy on whether the Fair Sentencing Act applies to cases in which the defendant was sentenced after enactment of that legislation. There has not, however, been any change in the law concerning sentence appeal waivers, and it is on the basis of the waiver that we are deciding this case. Sentence appeal waivers serve interests of the judiciary as well as interests of the government and defendants. See United States v. Bascomb, 451 F.3d 1292, 1296–97 (11th Cir. 2006) (interests of the government and defendants); cf. Blackledge v. Allison, 431 U.S. 63, 71, 97 S.Ct. 1621, 1627 (1977) (recognizing that plea bargains benefit all concerned, including the judiciary). And once an appeal arrives in this Court it is our responsibility to see that it is decided correctly under the law. For these reasons, the government's motion is denied.