UNITED STATES of America, Plaintiff–Appellee,

v.

Ralph James BUCHANAN, a.k.a. Vince Demarco, a.k.a. Daniel Gill, Defendant–Appellant.

No. 96–2996.

United States Court of Appeals, Eleventh Circuit.

December 22, 1997.

Talbot M. Smith, Ft. Pierce, FL, for Appellants.

Jack E. Fernandez, Asst. U.S. Atty., Tamra Phipps, Kathy J.M. Peluso, Susan Humes Raab, Peggy Morris Ronda, Asst. U.S. Atty., Jacksonville, FL, for Appellees.

Before TJOFLAT, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Ralph James Buchanan was convicted, based upon one count of conspiring to possess and distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He attempts to appeal his sentence of life imprisonment. The government has filed a motion to dismiss the appeal based upon an appeal waiver contained in the guilty plea agreement. For the reasons that follow, we grant that motion to dismiss.

The parties entered into a written plea agreement which detailed the consideration that each was giving to the other. As part of that plea agreement, Buchanan received from the government the dismissal of Count II of the indictment, the government's promise not to charge him with committing any other federal criminal offenses related to the conduct giving rise to the plea agreement, and its promise to consider making a substantial assistance motion for downward departure pursuant to U.S.S.G. § 5K1.1 or Fed. R.Crim.P. 35(b), if Buchanan cooperated fully with the government and rendered what the government determined to be substantial assistance. For his part, Buchanan agreed to plead guilty to Count I of the indictment, to cooperate with the government, and to waive his right to appeal his sentence.

The part of the plea agreement concerning the appeal waiver stated as follows:

The defendant understands and acknowledges that defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984, and the federal sentencing guidelines. Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole. Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statu-

tory maximum set forth for the offense and pursuant to the sentencing guidelines, and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground except for an upward departure by the sentencing judge or a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Buchanan signed the written plea agreement, and it was made part of the record in the district court.

Before the district court accepted Buchanan's guilty plea, it conducted a Fed.R.Crim.P. 11 colloquy to ensure that the defendant understood the plea agreement and was knowingly and voluntarily pleading guilty. The part of the colloquy concerning the appeal waiver went as follows:

THE COURT: The other thing you need to understand about this plea agreement is that it contains a provision where you are waiving your right to appeal. This U.S. attorney's office places this provision in its plea agreement. That's real important that you understand that when you go into sentencing and you get sentenced to something, even if it's worse than you think you should get, or even if its something that you really don't like, if it's a legal sentence and it's within the guidelines, you don't have a right to appeal that sentence under this plea agreement; do you understand?

THE DEFENDANT: Yes, sir.

THE COURT: The only way that you can take an appeal of the sentence that you get in this case is going to be if, one, it's an illegal sentence, or, two, if the judge does an upward departure.

If the Court—if the guidelines are calculated to be at this level, and he goes above that, you have a right under this plea agreement to take an appeal; otherwise

you have no right to appeal unless the Government decides for some reason it needs to appeal. And if that happens, then you can also take an appeal.

What this means practically is that if you show up, even if Judge Adams determines the guidelines to be higher than you think they are, his determination counts. And if he sentences you within those guidelines, you are not going to be able to appeal that sentence no matter how much you dislike them; do you understand that?

THE DEFENDANT: Yes, sir.[1]

Buchanan through his counsel did make clear during the colloquy that he intended to dispute at sentencing the government's position that pursuant to the cross-reference contained in U.S.S.G. § 2D1.1(d)(1), the court should apply § 2A1.1 (First Degree Murder) which sets the base offense level at 43. Despite the sharp disagreement of the parties on the merits of that issue, there is no indication either in the colloquy or in the plea agreement that the parties agreed the issue would be excepted from the appeal waiver the broad terms of which would cover it.

The district court accepted Buchanan's guilty plea, pronounced him guilty, and after a sentence hearing sentenced him to life imprisonment. The life sentence resulted from the district court's agreement with the government's position, which Buchanan did contest at sentencing, that the § 2D1.1(d)(1) cross-reference to § 2A1.1 applied under the facts of the case.

Notwithstanding the appeal waiver, Buchanan filed a notice of appeal and an appellate brief raising the following three issues, as he phrased them:

Whether the Court erred in not considering nor making a ruling on downward departure from the guidelines under U.S.S.G. § 5K2.0 when the ultimate sentence is enormously increased by enhancement conduct, the conduct is not chargeable under federal law, the conduct has not been charged under state law and the court is in fact sentencing the defendant

---

1. The Rule 11 colloquy was conducted by a United States magistrate judge. The reference in the colloquy to "Judge Adams" is to the district court judge who would sentence the defendant.

not for the convicted offense, but instead, the aggravating conduct.

Whether the Court erred in determining that findings of fact at sentencing are to be based upon a preponderance of evidence or clear and convincing evidence for enhancement purposes in the event that the ultimate sentence is enormously increased by enhancement conduct and the court is in fact sentencing the defendant not for the convicted offense but instead the aggravating conduct.

Whether the Court erred in failing to make specific findings regarding controverted quantities of drugs attributable to the Appellant thereby ignoring issues of reasonable foreseeability and the scope of the Appellants involvement with the conspirators.

The government responded with a motion to dismiss the appeal. Our Clerk's Office administratively determined that that motion should be carried with the case, which would require the government to file a brief addressing the merits of the three issues Buchanan has raised in his appeal. Understandably concerned about losing the benefit of the appeal waiver before its validity is determined, the government has filed a motion for reconsideration requesting that we dismiss the appeal or summarily affirm without requiring it to file a brief. We think that the motion is well taken insofar as it requests a dismissal.

■ In *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir.1993), we joined the other circuits that have spoken on the issue in holding that appeal waivers are valid if knowingly and voluntarily entered. To ensure that that was the case, we require that the district court specifically question the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, unless it is otherwise clear from the record that the defendant understood the significance of the waiver. *See Bushert*, 997 F.2d at 1351–52. In this case, the district court, through the magistrate judge who was conducting the Rule 11 colloquy, did explain the appeal waiver to the defendant and questioned him concerning it. That colloquy establishes that the defendant understood the nature and ex-

tent of the appeal waiver and agreed to it. Thus, the sentence waiver was knowingly and voluntarily entered in compliance with the *Bushert* decision.

■ When a defendant attempts to appeal a sentence in the face of an appeal waiver, the government may file a motion to dismiss the appeal based upon the waiver. If it does so, the government should include in its filing a copy of the plea agreement and any part of the Rule 11 colloquy related to the waiver. Any other part of the record which casts light on whether the defendant knowingly and voluntarily agreed to the sentence appeal waiver should also be included. In his response, the defendant may put forward any part of the record that the government has not already brought to this Court's attention.

■ Motions to dismiss based upon sentence appeal waivers should be decided at the earliest stage in the process at which it is feasible to do so, and except in extraordinary circumstances should not be carried with the case until after briefing. Carrying such a motion with the case until after briefing deprives the government of the benefit that it has bargained for and obtained in the plea agreement containing the sentence waiver. As we explained in *Bushert*, plea agreements containing such waivers save the government time and money by conveying an immediate and tangible benefit in the saving of prosecutorial resources. 997 F.2d at 1347. A sentence appeal waiver is also of value to a defendant, because it is another chip the defendant can bring to the bargaining table and trade for additional concessions from the government. *See id.* at 1349. Requiring the government to file an appeal brief even though there is an appeal waiver substantially diminishes the value of the waiver to the government, and by extension to defendants who are willing to bargain away their right to appeal the sentence. Accordingly, where it is clear from the plea agreement and the Rule 11 colloquy, or from some other part of the record, that the defendant knowingly and voluntarily entered into a sentence appeal waiver, that waiver should be enforced without requiring the government to brief the merits of the appeal. Where the appeal is

due to be dismissed, sooner is better than later.

■ In this case the sentence waiver was knowingly and voluntarily entered as the plea agreement and Rule 11 colloquy make clear. The three issues that Buchanan is attempting to raise on appeal fall within the terms of that waiver. We realize that the first two issues Buchanan attempts to raise relate to the § 2D1.1(d)(1) issue, an issue which the parties agreed to disagree about at the sentence hearing. However, the parties did not agree to disagree about that issue on appeal—at least not unless the government filed an appeal from the sentence. Notwithstanding Buchanan's explicit reservation of the right to argue his position about that issue at sentencing, a right that he exercised, the issue was not exempted from the appeal waiver. We enforce the appeal waiver according to its terms.

APPEAL DISMISSED.