[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 19, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12148
Non-Argument Calendar

_____

D. C. Docket Nos. 04-01145-CV-J-20-MMH
and 02-00243-CR-J-2

LUCIOUS LATTIMORE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 19, 2006)**

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Represented by counsel, Lucious Lattimore, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate. We apply the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), because he filed his § 2255 motion after the act's effective date. We granted a Certificate of Appealability ("COA") as to the following issue:

> Whether the district court erred by concluding that Lattimore knowingly and voluntarily waived his right to raise an ineffective-assistance-of-counsel claim in a 28 U.S.C. § 2255 motion in light of the magistrate judge's (1) failure to inform Lattimore at the plea colloquy that he was waiving his right to collaterally attack his sentence and (2) statement at the colloquy that Lattimore was not waiving his right to the effective assistance of counsel by entering into a guilty plea.

As we discuss in detail below, we find that Lattimore did not knowingly and voluntarily waive his right to claim ineffective assistance of counsel in a § 2255 motion. Accordingly, we vacate the district court's denial of his § 2255 habeas motion, and remand for consideration of the merits of his claim.

Lattimore's plea agreement contained an appeal waiver wherein he waived the right to challenge his sentence "directly or collaterally, on any ground except for an upward departure by the sentencing judge or a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines, or the applicability of the 'safety valve' provisions of 18 U.S.C. §

2

3553(f) and U.S.S.G. §5C1.2."[1]  On appeal, Lattimore argues that because the

magistrate judge did not specifically discuss his sentence appeal waiver with him at

his change of plea hearing, his waiver was not knowing and voluntary.  He

contends that the district court erred when it (1) expressly advised him that he did

not give up his right to effective assistance of counsel by pleading guilty, and

(2) failed to advise him that he was giving up the right to collaterally attack his

sentence.  Lattimore further argues that it is not otherwise "manifestly clear" from

the record that he understood the full significance of the waiver, and that the

requirements of *United States v. Bushert*, 997 F.2d 1343, 1351-52 (11th Cir. 1993),

were not met.  Finally, he asserts that, even if the appeal waiver was valid, it did

not waive his § 2255 challenge concerning ineffective assistance of counsel.

Whether an appeal waiver is enforceable is a question of law that we review

de novo.  *Bushert*, 997 F.2d at 1352.  We will enforce a sentence appeal waiver if

the government demonstrates either that "(1) the district court specifically

questioned the defendant concerning the sentence appeal waiver during the Rule 11

colloquy, or (2) it is manifestly clear from the record that the defendant otherwise

---

[1]  In a case involving a sentence-appeal waiver nearly identical to Lattimore's, we held that the petitioner had waived his right to appeal based on a claim of ineffective assistance of counsel relating to his sentencing.  *See Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir.), *cert. denied*, __ U.S. __, 126 S. Ct. 246, 163 L. Ed. 2d 226 (2005).  However, we did not reach the issue of whether the waiver was knowing and voluntary, *id.* at 1341 n.1, which is the subject of the present appeal.

understood the full significance of the waiver." *Id.* at 1351. For instance, during the plea colloquy, it is insufficient for the district court to merely inform the defendant that he may appeal "under some circumstances." *Id.* at 1352-53. Rather, the court must explain to the defendant, with specificity, the nature and extent of the appeal waiver. *See United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997) (per curiam).

Here, the magistrate judge, during the Rule 11 colloquy, explained to Lattimore that he had the right to plead not guilty, the right to a speedy and public trial, the right to a jury trial, and "the right to the effective assistance of a lawyer at every stage of the proceedings." The magistrate judge further explained that by pleading guilty, Lattimore waived all of these rights except for the right to effective assistance of counsel.[2] The magistrate judge also examined the plea agreement and explained that Lattimore had "the right to appeal any sentence imposed by the District Judge on any ground." The magistrate judge further explained that under the plea agreement Lattimore was waiving the right to appeal his sentence on any ground except five grounds that the magistrate judge expressly enumerated. The magistrate judge continued, "But except in those five circumstances . . . ,

---

[2] The magistrate judge later explained that the defendant had other trial rights (i.e., the right to confront witnesses, and the right to testify on his own behalf), and reiterated that those rights "[would] all go away" except for the right to counsel.

[Lattimore] would not be allowed to appeal." When asked if he understood, Lattimore responded affirmatively.

Viewing the magistrate judge's statements as a whole, Lattimore reasonably could have understood that he reserved his right to raise a claim of ineffective assistance of counsel at sentencing, in a § 2255 motion. The magistrate judge stated and reiterated that, by pleading guilty, Lattimore was not waiving his right to the effective assistance of counsel throughout the proceedings, including sentencing. Although the magistrate judge, in explaining the sentence appeal waiver, stated that Lattimore had only five bases under which he could appeal his sentence, this was not enough to overcome the impression created by the magistrate judge's earlier statements regarding Lattimore's right to effective assistance of counsel throughout the criminal proceedings. Given the lack of clarity, we are not satisfied that Lattimore knowingly and voluntarily waived his right to claim that his counsel rendered ineffective assistance during sentencing. *See Bushert*, 997 F.2d at 1352-53 (finding a waiver unenforceable given the district court's confusing language). Additionally, a thorough review of the record fails to show that Lattimore "otherwise understood the full significance of the waiver." *See id.* at 1351.

Accordingly, we vacate the district court's denial of Lattimore's § 2255

5

motion, and remand for consideration of the merits of Lattimore's ineffective assistance of counsel claim.

**VACATED and REMANDED.**