[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 6, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15824
Non-Argument Calendar

_____

D. C. Docket No. 05-20162-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS ALBERTO RODRIGUEZ,
a.k.a Jesus A. Rodriguez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 6, 2006)**

Before ANDERSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Jesus Alberto Rodriguez, Jr. pled guilty to conspiracy to possess with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846, and was sentenced to 46 months' imprisonment. On appeal, he argues the district court erred in: (1) denying his motion to suppress evidence seized during his arrest; and (2) imposing a two-point sentencing enhancement for his co-conspirator's possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1). The district court did not err, and we affirm.

Rodriguez first argues the district court erred in denying his motion to suppress because the officers did not have probable cause to arrest him and, therefore, the subsequent searches of him and his vehicle were unlawful. "A district court's ruling on a motion to suppress presents a mixed question of law and fact." *United States v. Zapata*, 180 F.3d 1237, 1240 (11th Cir. 1999). We review the district court's factual findings for clear error and its application of the law to those facts de novo. *Id.* "[A]ll facts are construed in the light most favorable to the prevailing party below." *United States v. Bervaldi*, 226 F.3d 1256, 1262 (11th Cir. 2000). "The individual challenging the search bears the burdens of proof and persuasion." *United States v. Cooper*, 133 F.3d 1394, 1398 (11th Cir. 1998).

The constitutional validity of a warrantless arrest depends upon whether, at the time of the arrest, the officer had probable cause to make the arrest. *Beck v.*

*Ohio*, 85 S. Ct. 223, 225 (1964). "[P]robable cause . . . is a doctrine of reasonable probability and not certainty." *United States v. Magluta*, 44 F.3d 1530, 1535 (11th Cir. 1995). Probable cause exists when "the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit and offense." *United States v. Lyons*, 403 F.3d 1248, 1253 (11th Cir. 2005) (quotation omitted). "Moreover, when a group of officers is conducting an operation and there exists at least minimal communication between them, their collective knowledge is determinative of probable cause." *United States v. Wilson*, 894 F.2d 1245, 1254 (11th Cir. 1990).

The district court did not err in determining the police had probable cause to arrest Rodriguez. At the time of Rodriguez's arrest, officers were aware that Mariano Cardoso, whom they arrested earlier that day, was involved in the distribution of cocaine. Officers had previously seen Rodriguez's red Tahoe parked at Cardoso's home around the same time that Cardoso had told an undercover agent that he had met with his supplier near his home. Further, Rodriguez arrived at Cardoso's home fifteen minutes after Jesus Rodriguez, Sr.'s ("Padrino's") conversation with Miami Police Officer Soler, who, after pretending

3

to be Cardoso, persuaded Padrino to come to Cardoso's home to exchange the cocaine. When Officer Soler emerged from the house, he observed Rodriguez change directions and walk away from the house. He also heard another officer yell that an occupant of the Tahoe had a gun. Based on the totality of the circumstances, the officers possessed sufficient information to conclude that Rodriguez was probably transporting cocaine to Cardoso's home. Therefore, the district court did not err in denying Rodriguez's motion to suppress the evidence obtained as a result of his arrest and search.

Rodriguez next argues the district court erred in enhancing his sentence based on Padrino's possession of a firearm. The government responds Rodriguez waived his right to appeal the sentencing enhancement in his plea agreement. Whether a defendant knowingly and voluntarily waives his right to appeal his sentence is a question of law subject to de novo review. *United States v. Benitez-Zapata*, 131 F.3d 1444, 1446 (11th Cir. 1997).

The right to appeal a sentence is a statutory right that can be waived if done so knowingly and voluntarily. *See United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). We will enforce a sentence appeal waiver if the Government demonstrates either "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is

4

manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Id.* at 1351. During the plea colloquy, it is insufficient for the district court merely to inform the defendant that he may appeal "under some circumstances." *See id.* at 1352-53. Rather, the court must specifically explain to the defendant the nature and extent of the appeal waiver. *See United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997).

The record supports the conclusion that Rodriguez knowingly and voluntarily waived his right to appeal his sentence. The district court reviewed the specific terms of the waiver with Rodriguez at the Rule 11 hearing, and Rodriguez repeatedly indicated his understanding of the scope and consequences of his waiver. Rodriguez's claim is covered by the appeal waiver, and none of the exceptions to it apply. Accordingly, as Rodriguez's appeal waiver precludes review of his sentencing enhancement, we affirm.

**AFFIRMED.**