[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15575
Non-Argument Calendar
_____

D.C. Docket Nos. 8:11-cv-01866-JSM-TGW; 8:07-cr-454-JSM-TGW-10


RODERICK CRAWFORD,

Plaintiff-Appellant,

versus


UNITED STATES OF AMERICA,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 18, 2012)

Before CARNES, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Roderick Crawford appeals pro se the denial of his motion to vacate his

sentence.  28 U.S.C. § 2255.  In 2008, Crawford entered an agreement to plead

guilty to conspiring to possess with intent to distribute 1,000 kilograms or more of marijuana and 5 kilograms or more of cocaine, 21 U.S.C. §§ 841(a), 841(b)(1)(A)(ii), 841(b)(1)(A)(vii), 846, and to waive his right to appeal or challenge collaterally his sentence, subject to four exceptions.  The district court sentenced Crawford as a career offender based in part on his conviction in a Florida court in 2002 of battery on a law enforcement officer.  See United States Sentencing Guidelines Manual § 4B1.1.  Crawford moved to vacate his sentence after the Supreme Court issued its decision in Johnson v. United States, 559 U.S. ____, 130 S. Ct. 1265 (2010).  Crawford argued that the district court miscalculated his sentence by counting his prior conviction as a "crime of violence."  Because Crawford's postconviction challenge to his sentence is barred by the appeal waiver in his plea agreement, we affirm.

As part of his plea agreement, Crawford agreed to waive his right to challenge his sentence.  In his written agreement, Crawford "expressly waive[d] the right to appeal [his] sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines[,]" subject to four exceptions: (1) "the sentence exceeds the applicable guidelines range as determined by the Court"; (2) "the sentence exceeds the statutory maximum penalty"; (3) the sentence "violates the Constitution"; or (4) the government

2

appealed Crawford's sentence. Crawford also "agreed that [the district court] ha[d] jurisdiction and authority to impose any sentence up to the statutory maximum." During his change of plea hearing before a magistrate judge, Crawford said that he understood the waiver provision; he understood he could not appeal or later challenge "the way the Court calculate[d] the sentencing guidelines"; and he agreed "freely and voluntarily" to the waiver "as part of the plea agreement." The district court later accepted Crawford's plea of guilty.

During his sentencing hearing in 2008, Crawford stated that he did not object to the factual accuracy of his presentence investigation report or his classification as a career offender, and the district court adopted the findings and calculations in the report. And Crawford, through counsel, acknowledged that his prior convictions in Florida for three felony drug offenses and two offenses involving the battery of a law enforcement officer in 2002 and 2005 resulted in a total offense level of 34, a criminal history category of VI, and a maximum statutory penalty of life imprisonment. At the request of the government, the district court reduced Crawford's offense level by three points for his substantial assistance, U.S.S.G. § 5K1.1, which reduced his offense level from 34 to 31 and resulted in a revised guideline range between 188 and 235 months of imprisonment. The district court considered the statutory sentencing factors, 18

3

U.S.C. § 3553(a), and sentenced Crawford at the low end of the revised guideline range.  Crawford did not appeal.

In August 2011, Crawford moved to vacate his sentence and argued that he was "actually innocent of his career offender offense in light of Johnson" and the district court had miscalculated his sentence by counting his conviction for battery of a law officer as a "crime of violence," but the district court denied the motion sua sponte.  The district court ruled that the decision of the Court in Johnson did not apply retroactively; Crawford's motion to vacate was untimely; and Crawford could not use the actual innocence exception to "overcome the procedural bar caused by [his] untimely filing" because his classification as a career offender was not a "substantive offense for which [he] stands convicted."  In the alternative, the district court assumed that Johnson applied retroactively and ruled that Crawford was not entitled to relief because his challenge to the "application of the Sentencing Guidelines[] [was] a non-constitutional issue that provides no basis for collateral relief" and he had otherwise waived his right to challenge his sentence collaterally.

The government concedes, and we assume for purposes of this appeal, that the decision in Johnson is retroactively applicable, which leaves only one issue for us to decide: whether Crawford's motion to vacate is barred by the collateral appeal waiver in his plea agreement.  Ordinarily, our review requires a two-fold

4

inquiry into whether Crawford's waiver was made knowingly and voluntarily and, if so, whether Crawford waived the particular challenge to his sentence. See United States v. Buchanan, 131 F.3d 1005, 1008–09 (11th Cir. 1997). But we can proceed directly to the second inquiry because Crawford concedes that the appeal waiver provision in his plea agreement is valid. Crawford "ask[s] [this] Court to enforce [the] stipulation as agreed upon by all parties" in his plea agreement that he can appeal "his illegal sentence" and the imposition of a sentence "above the applicable guidelines range."

Crawford's postconviction challenge to his sentence is barred by the appeal waiver in his plea agreement. Crawford acknowledged during his change of plea hearing that the waiver would bar him from challenging the miscalculation of his advisory guideline range. And Crawford cannot obtain relief under any of the exceptions to the waiver. The district court imposed a sentence within Crawford's advisory guideline range "as determined by the Court"; his sentence of 188 months of imprisonment is well below the maximum statutory penalty of life imprisonment; and the miscalculation of his sentence does not "violate the Constitution," see Gilbert v. United States, 640 F.3d 1293, 1321 (11th Cir. 2011). Furthermore, Crawford is procedurally barred from challenging the miscalculation of his sentence for the first time in a motion to vacate, and he cannot excuse his default based on the exception for actual innocence. See McKay v. United States,

5

657 F.3d 1190, 1196–99 (11th Cir. 2011).  The actual innocence exception applies only to an issue of "'factual innocence, not mere legal insufficiency.'"  Id. at 1197 (quoting Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998)).

We **AFFIRM** the denial of Crawford's motion to vacate his sentence.