[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12452
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20452-KMM-3

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALEXANDER SANTIESTEBAN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 24, 2014)

Before TJOFLAT, JORDAN, and COX, Circuit Judges.

PER CURIAM:

Defendant Alexander Santiesteban pleaded guilty to one count of conspiring in violation of 21 U.S.C. §846 to possess with intent to distribute 1,000 or more marijuana plants as proscribed by 21 U.S.C. §§841(b)(1)(A)(vii).  He also pleaded guilty to one count of conspiring in violation of 21 U.S.C. §846 to launder the proceeds from sales of those marijuana plants as proscribed by 18 U.S.C. §1956. The district judge accepted Santiesteban's guilty plea on the Report and Recommendation of a magistrate judge (Doc. 376) to which Santiesteban did not object pursuant to Fed. R. Crim. P. 59(b)(2).  At a Rule 32 sentencing hearing (Doc. 757), the district judge reviewed with Santiesteban and his counsel the Presentence Investigation Report, rejected Santiesteban's request for a downward variance after hearing arguments on the request from his counsel and the United States, and sentenced Santiesteban to 262 months in prison, 5 years supervised release, and a special assessment of $200.  This sentence was less than the maximum statutory penalty for the Count One offense and at the very bottom of the applicable guideline range.  Santiesteban appeals his conviction and sentence. We affirm.

Santiesteban pleaded guilty to Counts One and Two of the indictment.  Doc. 53.  Count One, *id.* at 1-13, charged Santiesteban and his co-conspirators, a/k/a the Santiestieban Drug Trafficking Organization (SDTO), with conspiring to grow and harvest in excess of 1,000 marijuana plants in a number of houses in Miami-Dade

2

County, then to sell the processed plants in South Florida, New York, and New Jersey. This charge is confirmed in the written proffer by the United States signed by Santiesteban and made Exh. B to Santiesteban's Rule 11 plea colloquy transcript. Doc. 388 at 1-2. At the plea colloquy, the Assistant United States Attorney reviewed aloud the Count One proof memorialized in the proffer, and Santiesteban affirmed under oath that the facts proffered were true and that he was guilty of the offense set forth in Count One. Doc. 677 at 13-17. The maximum sentence for possessing with intent to distribute 1,000 or more marijuana plants is life imprisonment, *see* 21 U.S.C. §§841(b)(1)(A)(vii), and the maximum penalty for conspiring to do so is the same as the maximum penalty for the underlying offense. *See* 18 U.S.C. §846. Count Two of the indictment (Doc. 53 at 14-15) charged Santiesteban and his co-conspirators with conspiring to launder proceeds of the SDTO's marijuana sales in violation of 18 U.S.C. §1956(a)((1)(B)(i) and (h). This charge, too, is confirmed in the written proffer signed by Santiesteban. Doc. 388 at 2-3. As he did with the Count One proffer, the Assistant United States Attorney reviewed aloud the Count Two proffer at the plea colloquy, following which Santiesteban affirmed under oath that the proffered facts were true and that he was guilty of the offense. Doc. 677 at 17-20. The maximum sentence for conspiracy to launder money derived from activity made unlawful under Section 841 is imprisonment for not more than 20 years. 18 U.S.C. §1956(a) and (h).

3

Following the Assistant United States Attorney's reading of the proffer, Santiesteban's attorney confirmed that the magistrate judge neither omitted any fact nor should have reviewed any additional fact for Santiesteban's benefit. *Id.* at 20.

Santiesteban presents two issues on appeal. First, he contends that he did not plead guilty knowingly and voluntarily to Counts One and Two of the indictment because at the plea colloquy the magistrate judge failed to address all of the "core concerns" of Rule 11 and misinformed Santiesteban by giving him "significant misinformation about sentencing exposure." *Brief of Appellant* at 13-17. We hold that Santiesteban waived these arguments by failing to object to the magistrate judge's Report and Recommendation (Doc. 376) as required by Fed. R. Crim. P. 59(b)(2). *See United States v. Garcia-Sandobal*, 703 F.3d 1278, 1283 (11th Cir. 2013). *See generally Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 475 (1985); *United States v. Lewis*, 492 F.3d 1219, 1222 (11th Cir. 2007). The Report and Recommendation warned Santiesteban, who was represented by counsel, that failure to file with the district judge a timely objection to the Report and Recommendation would constitute a waiver of his right to challenge in this Court anything related to the plea, even plain error. Doc. 376 at 3. Santiesteban raised no challenge to the plea colloquy at his sentencing hearing (Doc. 757), which further constituted a waiver of any objections to the plea proceeding, absent

4

plain error. *See United States v. Vonn*, 535 U.S. 55, 122 S. Ct. 1043 (2002). Not only has Santiesteban waived any appellate contention that his guilty plea was not knowing and voluntary, but our careful review of the Rule 11 plea colloquy, as well as the plea agreement executed by Santiesteban, with the advice of counsel (Doc. 387), which the magistrate judge thoroughly reviewed with Santiesteban and his counsel at the colloquy, reveal no error, plain or otherwise, in the plea procedure. We reject this contention as a basis for reversing the district court's adjudication of Santiesteban's guilt.

Santiesteban's second issue concerns his sentence. He presents five arguments in support of his contention that the case should be remanded for resentencing. Santiesteban does not dispute that he signed a plea agreement waiving his right to appeal his sentence in this Court, unless the sentence imposed exceeded the statutory maximum for the offense or resulted from an upward variance or departure from the recommended guideline sentence. Doc. 387, ¶12. The magistrate judge thoroughly reviewed the agreement with Santiesteban and his counsel, including the sentence appeal waiver provision, at the plea colloquy. Doc. 677 at 7-13. The parties made the plea agreement Exh. A to the transcript of the plea colloquy. While we review de novo the validity of sentence appeal waivers, *see, e.g., United States v. Weaver*, 275 F.3d 1320, 1333 n.21 (11th Cir. 2001), this Court has held that sentence appeal waivers procured as part of knowing and

voluntary plea agreements are valid and enforceable. *United States v. Howle*, 166 F.3d 1166, 1168-69 (11th Cir. 1999); *United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997); *United States v. Bushert*, 997 F.2d 1343, 1350-52 (11th Cir. 1993). The plea colloquy demonstrates clearly that Santiesteban knowingly and voluntarily entered his guilty plea and executed his plea agreement with the advice of counsel and after a detailed explanation from the magistrate judge concerning the consequences of the embedded sentence appeal waiver. We hold that the sentence appeal waiver is valid and enforceable as written. This holding narrows considerably our review of Santiesteban's sentence.

Santiesteban presents five arguments in support of his contention that the Court should remand for resentencing. First, he argues that the district judge improperly rejected his plea for a *downward* variance on the grounds that the career offender enhancement, which Santiesteban's counsel admitted was "technically correct," resulted in too harsh a sentence. This argument is foreclosed by the sentence appeal waiver. The rejection of a requested downward variance from an admittedly applicable enhancement does not constitute an upward variance or departure from the applicable guideline range.

Santiesteban's second argument is that the sentence imposed, in fact, exceeded the "default 20-year sentence" for a "marijuana distribution conspiracy" with "no stated quantity." *Brf. of Appellant* at 21. His argument is that the United

6

States did not "plead and prove that [Santiesteban] intended to distribute [1,000 or more marijuana] plants." *Id.*  Aside from being unable to discern from whence Santiesteban derives his "default 20-year sentence," the indictment, the plea agreement, and the proffer of the United States completely belie any contention that the crime of conspiracy to possess with intent to distribute more than 1,000 marijuana plants was not charged and would not have been the subject of the government's proof if put to it.  We reject this argument that the district court sentenced Santiesteban beyond the statutory maximum for the offense charged and, consequently, that the sentence appeal waiver does not preclude this challenge to the sentence.

All three of Santiesteban's remaining arguments are waived.  Two of them – that the district judge did not determine whether Santiesteban and his counsel had reviewed the Presentence Investigation Report, and that the district judge did not adequately explain the selected sentence when a range of 24 months or more was available – are waived because neither of them, even if meritorious, would have abrogated the sentence appeal waiver in the plea agreement.  Beyond that, the first matter resolved at the sentencing hearing was that Santiesteban and his counsel had reviewed *and had no objection to* the Presentence Investigation Report.  Doc. 757 at 2, lns. 7-23.  We are also satisfied that the district court adequately explained the

sentence imposed, especially in light of the sentence being the lowest available under the applicable guideline range.

Santiesteban's last argument, raised for the first time on appeal, is a facial and as-applied attack against the constitutionality of Section 841(b)(1)(A)(vii)'s sentencing provision. This argument, by counsel's own admission, is completely without support in this or any other circuit. Because we routinely have held that we will not consider contentions, even constitutional ones, raised for the first time on appeal, *see, e.g., Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004), and because Santiesteban offers no persuasive reason why the sentencing structure at issue is unconstitutional, on its face or as applied, we reject this argument as a basis for remand.

We have reviewed the record and the parties' briefs carefully, and we conclude that the district court did not err, plainly or otherwise, in adjudicating Santiesteban guilty on the basis of his knowing and voluntary guilty plea or in sentencing him as it did.

**AFFIRMED.**