[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12560
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cr-00227-JDW-JSS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SKYLER CHRISTOPHER SANDERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 20, 2019)

Before JORDAN, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

The Government's motion to dismiss this appeal pursuant to the appeal

waiver in Skyler Sanders's plea agreement is GRANTED.  As Sanders

acknowledges in his initial brief, this Court has repeatedly upheld the

constitutionality of appeal waivers in valid plea agreements. *United States v. Bascomb*, 451 F.3d 1292, 1295 (11th Cir. 2006); *United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999).  Here, Sanders's appeal waiver is plainly enforceable. *See United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993) (sentence appeal waiver will be enforced if it was made knowingly and voluntarily); *United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997) ("[W]here it is clear from the plea agreement and the [plea] colloquy . . . that the defendant knowingly and voluntarily entered into a sentence appeal waiver, that waiver should be enforced without requiring the government to brief the merits of the appeal.").

**APPEAL DISMISSED.**