[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14218
Non-Argument Calendar

_____

D.C. Docket No. 3:17-cr-00047-HES-MCR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WANDA FAYE RATCLIFFE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 26, 2019)

Before TJOFLAT, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

The United States moves to dismiss Wanda Faye Ratcliffe's appeal of her

sentence based on the appeal waiver in her plea agreement.  After careful

consideration, we conclude the waiver is enforceable and therefore grant the

government's motion.

**I.**

A federal grand jury indicted Ratcliffe on charges stemming from an alleged conspiracy to illegally structure currency deposits.  Pursuant to a written plea agreement, Ratcliffe agreed to plead guilty to one count of Conspiracy to Structure Financial Transactions, in violation of 18 U.S.C. § 371 and 31 U.S.C. §§ 5324(a)(1), (3).  In exchange, the government agreed to withdraw the remaining charges and recommend a downward adjustment for acceptance of responsibility.

The plea agreement included an appeal waiver.  That provision said Ratcliffe "expressly waive[d] the right to appeal [her] sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution."  The provision also said Ratcliffe "is released from h[er] waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a)" "if the government exercises its right to appeal the sentence imposed."

A magistrate judge held a change of plea hearing.  The magistrate judge confirmed Ratcliffe read the plea agreement, reviewed it with her attorneys, and

2

signed it, and he ensured Ratcliffe understood she was bound by all its terms.  The magistrate judge specifically reviewed the appeal waiver with Ratcliffe, explaining that she "expressly waive[d] [her] right to appeal [her] sentence on any ground, including on the ground that the Court may have erred in determining your applicable guideline range, pursuant to the U.S. Sentencing Guidelines."  The magistrate judge noted there were "three exceptions" to the waiver as outlined in the plea agreement and that "[i]t further reads that if the United States appeals, then you are released from this waiver.  You could also appeal."  Ratcliffe confirmed that she accepted the appeal waiver voluntarily, and she confirmed that she had no questions about anything covered in her plea agreement.  After the magistrate judge asked whether Ratcliffe would plead guilty "having heard and understood everything [he] said," Ratcliffe pled guilty.  Ultimately, the magistrate judge found that Ratcliffe's decision to plead guilty was freely and intelligently made.

At sentencing, the district court accepted the plea agreement, calculated Ratcliffe's advisory guideline range as 46 to 57 months, granted her motion for a downward departure or variance based on her mental and emotional condition, see U.S.S.G. § 5H1.3, and imposed a 24-month term of incarceration.

Ratcliffe filed an appeal, arguing that the district court erred in calculating her offense level based on the value of the funds involved in her structured

3

transactions. The government moved to dismiss the Ratcliffe's appeal, asking this Court to enforce the appeal waiver.

## II.

Ratcliffe's sole argument on appeal challenges the district court's determination of her applicable guideline range, an argument foreclosed by the appeal waiver. Thus, if the appeal waiver is enforceable, we must dismiss her appeal. See, e.g., United States v. Buchanan, 131 F.3d 1005, 1008–09 (11th Cir. 1997) (per curiam).

We review de novo the validity of a sentence appeal waiver, United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008), and we enforce them only when they are knowing and voluntary, United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993). To establish a waiver was knowing and voluntary, "the government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." Id. at 1351.

The appeal waiver is enforceable, because it is manifestly clear from the record that Ratcliffe understood the waiver's full significance. At the change of plea hearing, the magistrate judge confirmed that Ratcliffe's attorney had reviewed the plea agreement with her and that Ratcliffe read it herself and signed it. The

4

magistrate judge also specifically discussed the appeal waiver with Ratcliffe and affirmed she had voluntarily agreed to it.  Ratcliffe then confirmed she had no questions about her plea agreement and did not object when the judge asserted she had heard and understood all that he said.

### III.

We therefore **GRANT** the government's motion to dismiss Ratcliffe's appeal.

**APPEAL DISMISSED.**