[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14854
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-00006-LJA-TQL-13

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELISSA WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(May 8, 2019)

Before MARCUS, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

The United States moves to dismiss Melissa Williams's appeal of her

sentence based on the appeal waiver in her plea agreement.  After careful

consideration, we conclude the waiver is enforceable and therefore grant the government's motion.

## I.

A federal grand jury indicted Williams on charges stemming from an alleged methamphetamine distribution conspiracy.  Pursuant to a written plea agreement, Williams agreed to plead guilty to one count of Possession of Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii).

The plea agreement included an appeal waiver.  That provision said:

> Once this agreement is accepted and sentence is imposed by the District Court, [Williams] by this agreement forever waives any right to an appeal or other collateral review of [her] sentence in any court. However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range, then [Williams] shall retain only the right to pursue a timely appeal directly to the Court of Appeals after the District Court imposes its sentence.  In the event that [Williams] retains the right to a direct appeal, that right is limited to appealing sentencing issues only.

The waiver also released Williams if the government appealed her sentence.  The plea agreement noted that Williams "understands fully and has discussed with [her] attorney that the [district] [c]ourt will not be able to consider or determine an advisory guideline sentencing range until after a pre-sentence investigative report has been completed."

The district court held a change of plea hearing.  The court confirmed Williams read the plea agreement, reviewed it with her attorneys, and signed it. The court also confirmed Williams understood the terms of the plea agreement and that it accurately represented the agreement between her and the government.  The court discussed the appeal waiver with Williams, asking her if she understood she was waiving her right to appeal unless "the [c]ourt impose[d] a sentence that [was] above the advisory guideline range" or "if the government appeals."  Williams said she understood.  The court ultimately accepted Williams's plea of guilty, finding that her plea was "voluntarily made with full knowledge of the charge against her and the consequences of her plea."

At sentencing, the court determined Williams's advisory guideline range to be 210 to 262 months and imposed a 180-month term of incarceration.  Williams appealed, arguing the district court improperly calculated her guideline range and her sentence was substantively unreasonable.  The government moved to dismiss the Williams's appeal, asking us to enforce the appeal waiver.  Williams filed a response, and the government filed a reply.

## II.

Williams says her plea agreement does not bar her arguments contesting the district court's guidelines calculations or her assertions that her sentence was substantively unreasonable.  This argument fails.  The plea agreement specifically

provided that Williams could appeal her sentence only if it "exceed[ed] the advisory guideline range."  The agreement also clarified that the district court would be responsible for determining her guidelines range.  In accepting these conditions, Williams assumed the risk that she might disagree with the district court's calculation of her guideline range and that, if she did, she would be unable to challenge it on appeal.  Beyond that, the plea agreement plainly forecloses any challenge to the sentence in the absence of an upward departure or variance, neither of which occurred here.

Having determined Williams's arguments are barred by the appeal waiver, we must examine whether the waiver is enforceable.  If it is, we must dismiss her appeal. See, e.g., United States v. Buchanan, 131 F.3d 1005, 1008–09 (11th Cir. 1997) (per curiam).  We review de novo the validity of a sentence appeal waiver, United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008), and we enforce them only when the government establishes they were knowing and voluntary, United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993).  The government has sustained its burden, having shown that "the district court specifically questioned [Williams] concerning the sentence appeal waiver during the [plea] colloquy." Id. at 1351.  We therefore grant the government's motion.

**APPEAL DISMISSED.**

4