[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12345
Non-Argument Calendar
_____

D.C. Docket No. 0:17-cr-60321-BB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OWOLABI PAUL HAMMED,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 15, 2019)

Before WILLIAM PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Owolabi Hammed appeals the substantive reasonableness of his aggregate

61-month sentence for his convictions for bank fraud, in violation of 18 U.S.C.

§ 1344, aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), and access device fraud, in violation of 18 U.S.C. § 1029(a)(2), to which he pleaded guilty.  The government argues that this appeal should be dismissed based on the sentence appeal waiver in Hammed's written plea agreement.

"We review the validity of a sentence appeal waiver de novo."  *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).  A sentence appeal waiver will be enforced if it was made knowingly and voluntarily.  *United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997).  To establish that the waiver was made knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver.  *Id*.  The valid waiver of the right to appeal "includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error."  *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005).

Hammed's plea agreement included the following appeal waiver:

[I]n exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby *waives all rights* conferred by [18 U.S.C. §] 3742 and [28 U.S.C. §] 1291 *to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range* that the

2

Court establishes at sentencing. . . . However, *if the United States appeals the Defendant's sentence* pursuant to Sections 3742(b) and 1291, the *Defendant shall be released from the above waiver* of appellate rights. By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this agreement with the Defendant's attorney.

Doc. 53 at 6 (emphases added).

At his sentencing hearing, the district court specifically questioned Hammed about his understanding of the appeal waiver, and he acknowledged to the court that he signed a plea agreement containing the waiver, that he understood the sentence appeal waiver and its exceptions, and that he discussed the sentence appeal waiver with his attorney. The district court correctly concluded that Hammed agreed to the sentence appeal waiver knowingly and voluntarily. *See Buchanan*, 131 F.3d at 1008 (finding an appeal waiver was made "knowingly and voluntarily" because the district court's "colloquy establishes that the defendant understood the nature and extent of the appeal waiver and agreed to it"). Furthermore, the three exceptions to Hammed's appeal waiver—an appeal by the government, a total sentence exceeding the maximum permitted by statute, or a total sentence that is the result of an upward departure and/or an upward variance from the advisory guideline range—are not present. Accordingly, we will enforce Hammed's appeal waiver and dismiss this appeal.

**DISMISSED**.

3