[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14955
Non-Argument Calendar
_____

D.C. Docket No. 5:17-cr-00005-LGW-BWC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEDRIC L. KING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 5, 2019)

Before WILLIAM PRYOR, MARTIN, and GRANT, Circuit Judges.

PER CURIAM:

Cedric King appeals the substantive reasonableness of his 268-month

sentence for conspiracy to possess with intent to distribute controlled substances.

The government argues this appeal should be dismissed based on the appeal waiver in King's written plea agreement.

"We review the validity of a sentence appeal waiver de novo." United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008). "A sentence appeal waiver must be made knowingly and voluntarily." Id. "The waiver is valid if the government shows either that: (1) the district court specifically questioned the defendant about the waiver; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver." Id.

King's plea agreement included the following appeal waiver:

> Defendant waives his right to appeal on any ground, with only three exceptions: he may appeal his sentence if (1) that sentence exceeds the statutory maximum, (2) that sentence exceeds the advisory Guidelines range determined by this Court at sentencing, or (3) the government appeals. By signing the plea agreement, Defendant explicitly instructs his attorney not to file an appeal unless one of the three exceptions is met.

When King entered his plea, the district court described the terms of the appeal waiver and asked King if he had any questions about it. King said he did not. After the plea colloquy, the district court found King's plea was knowingly and voluntarily entered.

The district court correctly concluded King knowingly and voluntarily agreed to the sentence appeal waiver. See United States v. Buchanan, 131 F.3d 1005, 1008 (11th Cir. 1997) (per curiam) (explaining a sentence waiver was

2

knowingly and voluntarily entered where the plea "colloquy establishe[d] that the defendant understood the nature and extent of the appeal waiver and agreed to it"). Also, none of the three exceptions to King's appeal waiver are present.  We will therefore enforce King's appeal waiver and dismiss this appeal.

**DISMISSED.**