[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13057
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cr-00378-KOB-SGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DIONTEZ JAMEL MOORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(December 11, 2019)

Before WILSON, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

With the benefit of a plea bargain, Diontez Moore pled guilty to conspiracy to distribute 500 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846.  In this case, Moore attempts to appeal his sentence of 292 months' imprisonment.  He argues that the district court clearly erred when it: (1) applied a two-level enhancement after it found that he acted as the organizer, leader, manager, or supervisor of a drug conspiracy (U.S.S.G. § 3B1.1(c)); (2) applied a two-level enhancement after it determined that he obstructed justice (U.S.S.G. § 3C1.1); and (3) decided that his prior conviction for first-degree possession of marijuana for other than personal use was a predicate conviction supporting his designation as a career offender (U.S.S.G. § 4B1.1(b)).

The government filed a motion to dismiss Moore's appeal because his plea agreement included an appeal waiver.  For the reasons that follow, we grant that motion to dismiss.

## I.

Moore was charged in a three-count indictment, but pursuant to his plea agreement, he pled guilty to only one count.  In exchange for his plea, the government agreed to move to dismiss the other counts after sentencing, to recommend that Moore receive a sentence reduction for acceptance of responsibility, and to recommend a sentence at the low-end of the guideline range.

2

The plea agreement also included an appeal waiver stipulating, in relevant part, that Moore waived his rights to appeal his conviction and sentence, as well as any fines or restitution the district court might impose.  But Moore retained his right to appeal if: (1) the sentence was imposed in excess of the statutory maximum; (2) the sentence imposed was an upward departure "from the advisory guideline sentencing range calculated by the court at the time [his] sentence [was] imposed"; or (3) he received ineffective assistance of counsel.  Moore signed directly under the waiver provision to attest that he fully understood the waiver and that he knowingly and voluntarily entered into it.  Moreover, Moore, his counsel, and the government's counsel signed the plea agreement.

At his change-of-plea hearing, while under oath, Moore confirmed that he signed the plea agreement, that he and his counsel had adequate time to discuss the agreement, and that he had no further questions about the plea agreement.  Then the district court asked Moore about the appeal waiver.

> THE COURT: Mr. Moore, the plea agreement that you
> have signed contains language waiving or giving up
> some or all of your rights to appeal the sentence that's yet
> to be imposed or to collaterally challenge your
> conviction.
>
> Do you understand what I mean by those terms: Waiver,
> appeal, collateral challenge?
>
> THE DEFENDANT: Yes, ma'am.

3

THE COURT: Under certain conditions you can waive or give up those rights and a waiver would be enforced against you to prevent an appeal or a collateral challenge. However, if you believe for some reason that the waiver is not enforceable against you, then you can appeal the sentence and present the theory about the waiver to the appellate court.

At the time you signed this plea agreement, did you understand, Mr. Moore, that you were giving up some or all of those rights?

THE DEFENDANT: Yes, ma'am.

THE COURT: Did you discuss the waiver with your attorney?

THE DEFENDANT: Yes, ma'am.

THE COURT: Did you reach your own independent decision that giving up those rights was in your best interest under the circumstances of this case?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you have any questions about that waiver?

THE DEFENDANT: No, ma'am.

Later, in this same hearing, Moore confirmed that he understood that he could not withdraw his plea on the basis of the court's sentence and that his statutory mandatory minimum penalty was ten years to life imprisonment. The district court accepted Moore's guilty plea, finding it was entered freely, voluntarily, and knowingly.

4

II.

We review the validity of a sentence appeal waiver de novo. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). When a defendant challenges his sentence on appeal by raising claims that the government argues are barred by an appeal waiver, the government may file a motion to dismiss those claims. *United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997) (per curiam). An appeal waiver will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). To prevail, the government cannot show that the appeal was knowing and voluntary from an examination of the plea agreement's text alone. *Id.* at 1352. Instead, the government must demonstrate either that: (1) the district court explicitly questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear "that the defendant otherwise understood the full significance of the waiver." *Id.* at 1351.

On this record, it is clear that Moore knowingly and voluntarily waived his right to appeal in all circumstances but the three exceptions outlined in the appeal waiver. Moore acknowledged the waiver in his plea agreement by signing directly below the waiver and attesting that he was "knowingly and voluntarily entering into this waiver." Beyond that, the district court specifically questioned Moore about the waiver during his change-of-plea hearing, explained the significance of

5

the waiver, and assured that Moore understood the full significance of the waiver. The district court inquired as to whether Moore understood what "waiver," "appeal," and "collateral challenge" meant. He answered, "Yes, ma'am." The district court told Moore that "under certain conditions [he could] waive or give up those rights and a waiver would be enforced against [him] to prevent an appeal or a collateral challenge." It then asked him if, at the time he signed the plea agreement, he understood that he was "giving up some or all of those rights[.]" Again, he answered, "Yes, ma'am." Moore further affirmed that he discussed the waiver with his attorney, that he made the decision to waive his rights voluntarily, and that he had no further questions about the appeal waiver.

Based on the plea agreement and transcript of the change-of-plea hearing, the government has established that Moore knowingly and voluntarily waived his right to appeal, and therefore, the appeal waiver is valid and enforceable. Because Moore's claims in this case are related to his guideline range and bring into question the validity of his sentence, his claims are barred by the appeal waiver.

### III.

Perhaps foreseeing the above conclusion about the validity and enforceability of his appeal waiver, Moore acknowledges the waiver but argues that if we were to address the merits of his case and rule in his favor, he would fall into one of the waiver's exceptions: the sentence imposed was an upward departure

"from the advisory guideline sentencing range calculated by the court at the time [his] sentence [was] imposed."

But that is not how this exception works. We interpret plea agreements "in accord with what the parties intended." *United States v. Rubbo*, 396 F.3d 1330, 1334 (11th Cir. 2005). And absent some indication that the parties intended otherwise, the language of the agreement should be given its ordinary and natural meaning. *See id.* at 1334-35. Here, to reach the merits of Moore's claims, we would need to ignore the clear and unambiguous language of the very exception Moore is seeking to enforce and determine if the guideline range the district court calculated was the properly determined range. Our read of the waiver is that the parties plainly intended that it permit the appeal of a sentence imposed in excess of the guideline range "calculated by the court at the time sentence is imposed." The district court determined, at the time Moore's sentence was imposed, that the appropriate guideline range was between 292 to 365 months' imprisonment. Moore was sentenced at the low-end of that range. Therefore, Moore's argument is barred by the objective terms of the appeal waiver and its exceptions. To reach the merits, in spite of the clear words of the appeal waiver, would deprive "the government of the benefit that it has bargained for and obtained in the plea agreement containing the sentence waiver." *See Buchanan*, 131 F.3d at 1008.

7

IV.

In sum, Moore knowingly and voluntarily waived his right to appeal his sentence and the manner in which his sentence was imposed, except under limited circumstances.  The claims he raised in this appeal are barred by his appeal waiver, and none of the exceptions to that waiver are implicated by his claims. Accordingly, Moore's appeal is

**DISMISSED.**