[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-14119

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LOUIS XAVIER HAWTHORNE,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:24-cr-00347-SEG-1

_____

Before GRANT, KIDD, and MARCUS, Circuit Judges.

PER CURIAM:

Louis Xavier Hawthorne appeals his sentence of 60 months' probation for simple assault on an aircraft, challenging the substantive reasonableness of his sentence of probation and the two special conditions that were imposed. The government, in turn, has filed a motion to dismiss Hawthorne's appeal based on the appeal waiver in his plea agreement. Hawthorne filed no response to the government's motion to dismiss based on waiver. After thorough review, we dismiss the appeal.

We review the validity of a sentence appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). We also review *de novo* whether a defendant knowingly and voluntarily waived his right to appeal his sentence. *United States v. Benitez-Zapata*, 131 F.3d 1444, 1446 (11th Cir. 1997).

Plea agreements "are like contracts and should be interpreted in accord with what the parties intended." *United States v. Rubbo*, 396 F.3d 1330, 1334 (11th Cir. 2005). A sentence appeal waiver found in a plea agreement will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). To establish that a sentence appeal waiver was made knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full

significance of the waiver. *Id.* at 1351; *see also* Fed. R. Crim. P. 11(b)(1)(N) (requiring that the district court inform the defendant of the terms of an appeal waiver). The touchstone for assessing whether an appeal waiver was knowing and voluntary is whether it was clearly conveyed to the defendant that he was giving up his right to appeal under most circumstances. *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020). "[W]here it is clear from the plea agreement and the Rule 11 colloquy, or from some other part of the record, that the defendant knowingly and voluntarily entered into a sentence appeal waiver, that waiver should be enforced without requiring the government to brief the merits of the appeal." *United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997).

Here, Hawthorne's appeal waiver is enforceable. For starters, the record shows that Hawthorne knowingly and voluntarily waived the right to appeal his sentence. *Bushert*, 997 F.2d at 1351. At Hawthorne's change-of-plea hearing, the district court directed the government to describe the terms of the plea agreement. The government read aloud the agreement, including the appeal waiver in the agreement, which provided:

> To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a

direct appeal of an upward departure or upward variance above the sentencing guideline range as calculated by the District Court.  Claims that the Defendant's counsel rendered constitutionally ineffective assistance are excepted from this waiver.  The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

The court then inquired whether Hawthorne agreed with the government's account of the agreement.  Hawthorne verbally confirmed that he did.  In response to the court's questions, Hawthorne also verbally confirmed that he had read the plea agreement, discussed it with his attorney before he signed it, and did not have any questions about it.  The district court next reviewed the appeal waiver and confirmed that Hawthorne understood the consequences of the waiver before entering into it, including that he was "giving up [his] right to appeal or challenge [his] conviction and sentence in almost all circumstances."  The district court thus expressly discussed the appeal waiver with Hawthorne during the hearing and Hawthorne confirmed that he understood its terms and was freely entering his guilty plea.  The waiver was made knowingly and voluntarily.  See *id*.

Further, none of the exceptions to the waiver apply.  Notably, Hawthorne does not argue that his defense counsel rendered

24-14119                 Opinion of the Court                      5

constitutionally ineffective assistance, his sentence does not exceed the guideline range as calculated by the district court, and the government has not appealed. Rather, Hawthorne seeks to argue on appeal that his sentence of probation was substantively unreasonable and that the district court abused its discretion in imposing two special conditions on his probation. These issues do not fall within any exception to his appeal waiver that he entered into knowingly and voluntarily. Accordingly, we GRANT the government's motion to dismiss this appeal pursuant to the appeal waiver in Hawthorne's plea agreement. *See Buchanan*, 131 F.3d at 1008; *Bushert*, 997 F.2d at 1351.

**DISMISSED.**