[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10565
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20400-KMW-6

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JULIAN ARCE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 10, 2018)

Before MARTIN, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Julian Arce pled guilty to conspiracy to import into the United States more

than one kilogram of heroin and more than five kilograms of cocaine with the

intent to distribute, in violation of 21 U.S.C. § 963. The district court calculated the applicable advisory Sentencing Guidelines range to be 57-71 months. The district court also found that Mr. Arce met the "safety valve" requirements of U.S.S.G. §5C1.2(a)(1)-(5), meaning that he would not be subject to the minimum statutory sentence of ten years' imprisonment. *See* 21 U.S.C. § 960(b)(1)(A). *See also* 18 U.S.C. § 3553(f)(1)-(5); U.S.S.G. §5C1.2(a).

Under the plea agreement, the government agreed to recommend that Mr. Arce be sentenced at the low end of the advisory guidelines range. Also in keeping with the plea agreement, the government filed a motion pursuant to §5K1.1 of the guidelines requesting that the court grant a downward departure for Mr. Arce's sentence, based on the substantial assistance he provided the government in its investigation and prosecution of other persons. The government requested the court reduce Mr. Arce's sentence by 15 percent to 48 months.

The district court granted the government's §5K1.1 motion, and sentenced Mr. Arce to 38 months' imprisonment. In explaining its reduction of the sentence to 38 months, the district court noted that under §3553, Mr. Arce had not fled during his years of cooperation with the government. It also emphasized the danger that Mr. Arce's family faced in Columbia due to his cooperation with the government, which is one factor for the court to consider when deciding on a §5K1.1 motion. *See* U.S.S.G. §5K1.1(a)(4).

Mr. Arce now appeals his sentence, arguing that the district court ignored the other factors identified in §5K1.1, and that it plainly erred in so doing. He argues that had the court considered all of the §5K1.1 factors, it would have reduced his sentence even further.

As an initial matter, however, we must decide whether Mr. Arce waived his right to appeal his sentence, which would preclude us from addressing the merits of his challenge to his sentence. The plea agreement which Mr. Arce signed, and which the district court accepted, contained a sentence appeal waiver.

We conclude that Mr. Arce knowingly and voluntarily waived his right to appeal his sentence and the manner in which the sentence was imposed, that the waiver applies to Mr. Arce's appeal, and that none of the exceptions to the waiver apply. Accordingly, we dismiss Mr. Arce's appeal.

# I

We review the validity of a sentence appeal waiver *de novo*. *See United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). A sentence appeal waiver will be enforced if it was executed knowingly and voluntarily. *See United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). To establish that a waiver was made knowingly and voluntarily, the government must show that either "(1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood

the full significance of the waiver." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005). The district court must clearly convey to the defendant the circumstances under which he is giving up the right to appeal. *See Bushert*, 997 F.2d at 1352-53. A valid appeal waiver "includes the waiver of the right to appeal difficult or debatable issues or even blatant error." *Grinard-Henry*, 399 F.3d at 1296. Additionally, there is "a strong presumption that the statements made during the [plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

## II

In the provision at issue in the plea agreement, Mr. Arce waived his rights "to appeal any sentence imposed" or "to appeal the manner in which the sentence was imposed," unless the sentence exceeded the statutory maximum, or was the result of an upward departure or variance, or the government appealed. Mr. Arce is specifically appealing his 38-month sentence and the manner in which the district court applied §5K1.1 to the government's motion. Because none of the exceptions apply, there can be no question that, if the waiver is valid, it applies to the present appeal, and Mr. Arce's appeal must be dismissed.

This Circuit has "consistently enforced knowing and voluntary appeal waivers according to their terms," particularly where the defendant acknowledges the waiver in a plea agreement, the district court specifically questions the

4

defendant during the plea colloquy about the appeal waiver, and the court adequately explains the significance of the waiver and confirms that the defendant understands the full significance of the waiver. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (collecting cases). *See also Johnson*, 541 F.3d at 1066; *United States v. Frye*, 402 F.3d 1123, 1127-29 (11th Cir. 2005); *Grinard-Henry*, 399 F.3d at 1296; *Williams v. United States*, 396 F.3d 1340, 1341-42 (11th Cir. 2005); *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001); *United States v. Pease*, 240 F.3d 938, 942 (11th Cir. 2001); *United States v. Howle*, 166 F.3d 1166, 1168-69 (11th Cir. 1999); *United States v. Benitez-Zapata*, 131 F.3d 1444, 1446 (11th Cir. 1997); *United States v. Buchanan*, 131 F.3d 1005, 1007-09 (11th Cir. 1997).

Many of the sentence appeal waivers in these cases are nearly identical to the one in Mr. Arce's plea agreement, with nearly the same exceptions and limitations. Here, Mr. Arce signed the plea agreement, as did his counsel. The plea agreement not only contained the sentence appeal waiver itself, but also a statement confirming that "[b]y signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney."

Beyond that, at the change-of-plea hearing the district court specifically questioned Mr. Arce concerning the plea agreement and the sentence appeal

waiver. Mr. Arce, who was aided by an interpreter at the hearing, confirmed that he had signed the plea agreement, that the plea agreement had been translated into Spanish for him prior to him signing it, that he had an adequate opportunity to discuss it with his counsel, and that he understood fully the obligations it imposed on him. The district court alerted Mr. Arce to the specific appeal waiver provision and explained that he was giving up his right to appeal his sentence to a higher reviewing court. The district court also reviewed the four circumstances where the appeal waiver would not apply. As to all of this, Mr. Arce confirmed his understanding.

Based on the plea agreement and the change-of-plea colloquy between Mr. Arce and the district court, the government has established that Mr. Arce's appeal waiver was entered into knowingly and voluntarily. The district court specifically questioned Mr. Arce about the waiver during the plea colloquy, and the record clearly shows that he otherwise understood the full significance of the waiver. *See Bushert*, 997 F.2d at 1350-51. Mr. Arce has provided us no reason to reject the "strong presumption that the statements made during the [plea] colloquy are true." *Medlock*, 12 F.3d at 187.

## III

Mr. Arce knowingly and voluntarily waived his right to appeal his sentence and the manner in which the sentence was imposed, and none of the exceptions to this waiver apply. Accordingly, Mr. Arce's appeal is dismissed.

**DISMISSED.**