[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15631
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cr-00353-JSM-JSS-7


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PETER B. WILLIAMS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 26, 2018)

Before WILLIAM PRYOR, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Peter B. Williams appeals his 26-month sentence after pleading guilty to one count of conspiracy to commit health care fraud and wire fraud, in violation of 18 U.S.C. § 1349. On appeal, Williams argues his counsel was ineffective for failing to object to the district court's application of United States Sentencing Guidelines § 5K1.1 in imposing Williams's sentence to run consecutive to a sentence imposed on him in a related case. The government responds that Williams waived his right to appeal the district court's calculation of his guideline range, and that his ineffective assistance claim fails on the merits. After careful review, we affirm Williams's sentence.

I.

In August 2016, Williams was charged with conspiracy to commit health care fraud and wire fraud. Williams pled guilty pursuant to a plea agreement. Williams admitted he signed prescriptions for medications for patients he did not treat in exchange for illegal kickbacks.

Williams's plea agreement included a sentence appeal waiver. Specifically, Williams agreed to waive his rights "to appeal any sentence imposed, including any forfeiture or restitution ordered, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the Court establishes at sentencing." At Williams's change of plea hearing, a

2

magistrate judge questioned Williams about whether he understood the sentence appeal waiver, explained the general right a defendant has to appeal, and stated the four limited grounds under which the waiver allowed him to appeal.  Williams said he understood and had discussed the waiver with his attorney.  The magistrate judge recommended that the district court accept Williams's plea, which the district court did.

A probation officer prepared a Presentence Investigation Report ("PSR"), which recommended a sentencing guideline range of 51 to 63 months.  The government moved for a 25 percent reduction of Williams's sentence, pursuant to Guidelines § 5K1.1 and 18 U.S.C. § 3553 because of the substantial assistance he had provided.  At sentencing, Williams's counsel asked the court to grant the government's motion for a downward departure and to consider an additional downward variance.  Williams's counsel also asked the court to impose his sentence concurrently with the sentence he was serving for another conviction in the Southern District of Florida.  The government also asked that Williams's sentence be concurrent.

The sentencing court granted the government's motion and sentenced Williams to a 26-month term of prison, which was approximately 50 percent below the low end of his guideline range.  However, the court made Williams's sentence consecutive, not concurrent, to his term of imprisonment from a Southern District

of Florida conviction.  Williams's counsel made a general objection to the sentence running consecutive, which the court denied.  This appeal followed.

## II.

We review de novo the validity of a sentence appeal waiver.  United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008).  A sentence appeal waiver is enforceable so long as it was made knowingly and voluntarily.  United States v. Bushert, 997 F.2d 1343, 1350–51 (11th Cir. 1993).  To establish the waiver as knowing and voluntary, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver."  Id. at 1351. The plea colloquy discussion must clearly convey the terms of a defendant's sentence appeal waiver with a detailed discussion.  See United States v. Buchanan, 131 F.3d 1005, 1008 (11th Cir. 1997) (per curiam) (enforcing an appeal waiver where the district court explained the "nature and extent" of the waiver and questioned the defendant about the waiver).

Where a valid appeal waiver exists, a defendant may not "circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005).  Even so, "[w]e

4

generally do not address ineffective assistance of counsel claims on direct appeal."

United States v. Puentes-Hurtado, 794 F.3d 1278, 1285 (11th Cir. 2015) (holding

that a claim that counsel's ineffective assistance rendered a guilty plea involuntary

was not barred by an appeal waiver but declining to reach the merits of the claim

on direct appeal).  The preferred method for raising ineffective assistance of

counsel claims is in a 28 U.S.C. § 2255 motion, as this allows the district court to

develop the facts necessary to determine the adequacy of representation.  See

Massaro v. United States, 538 U.S. 500, 504–07, 123 S. Ct. 1690, 1693–95 (2003).

On appeal, Williams argues his counsel was ineffective for failing "to object

to the district court's misapplication of U.S.S.G. § 5K1.1."  To the extent that

Williams's argument is that the district court erred in applying Guidelines § 5K1.1

and imposing a consecutive sentence, that argument is barred by his valid sentence

appeal waiver.  Williams made a knowing and voluntary waiver of his right to

appeal his sentence.  The magistrate judge discussed the appeal waiver's scope and

meaning in detail, mentioned that it covered his appellate rights, and specifically

questioned him about the waiver.  Williams's appeal waiver is therefore

enforceable.  See Bushert, 997 F.2d at 1351.  Williams has waived his right to

"appeal any sentence imposed . . . or to appeal the manner in which the sentence

was imposed."  To the extent Williams's appeal challenges the district court's

application of the sentencing guidelines, we affirm his conviction and sentence.

To the extent Williams argues his counsel at sentencing was ineffective, we decline to consider this argument on direct appeal in the absence of a more developed record regarding his counsel's actions.  See Puentes-Hurtado, 794 F.3d at 1285.

**AFFIRMED.**