[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12809

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FAUSTO HURTADO-CANDELO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cr-00404-WFJ-JSS-2

_____

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Fausto Hurtado-Candelo appeals his 135-month sentence for conspiring to distribute cocaine on the high seas. He challenges the district court's failure to grant him a minor-role reduction under the Sentencing Guidelines. However, in his plea agreement, Hurtado-Candelo waived the right to appeal his sentence, subject to some discrete, inapplicable exceptions. Citing Hurtado-Candelo's sentence appeal waiver, the government moves to dismiss his appeal. Because Hurtado-Candelo knowingly and voluntarily agreed to waive his right to appeal his sentence, and that waiver applies in this case, we grant the government's motion and dismiss Hurtado-Candelo's appeal.

## I.  Background

In September 2019, the U.S. Coast Guard intercepted a vessel in international waters west of Colombia carrying four smugglers—Hurtado-Candelo and three others—and an estimated 5,000 to 8,000 kilograms of cocaine. The Coast Guard took the smugglers to Florida, where they were indicted for conspiring to distribute and possess with intent to distribute cocaine while on the

high seas, in violation of 46 U.S.C. §§ 70503 and 70506, and for aiding and abetting each other in the same.[1]

In August 2020, Hurtado-Candelo pleaded guilty to the conspiracy charge.[2] In his plea agreement, Hurtado-Candelo agreed to waive his right to appeal his sentence, subject to several discrete exceptions. The plea agreement's waiver provision stated that:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory

---

[1] Title 46 of the United States Code criminalizes the manufacture, distribution, or possession with intent to distribute of controlled substances while on board a vessel subject to the jurisdiction of the United States. *See* 46 U.S.C. § 70503(a)(1), (e)(1). It also provides that "[a] person attempting or conspiring to violate section 70503 of this title is subject to the same penalties as provided for violating section 70503." *Id.* § 70506(b).

[2] The aiding-and-abetting charge against Hurtado-Candelo was dismissed at sentencing. Separately, and at different times, each of Hurtado-Candelo's three codefendants pleaded guilty to their respective conspiracy charges as well.

maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment of the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(emphasis omitted).

Before accepting Hurtado-Candelo's plea, the magistrate judge conducted a change-of-plea hearing, at which she advised Hurtado-Candelo of the rights he was giving up by pleading guilty and ensured that Hurtado-Candelo's plea was knowing and voluntary. Responding to the magistrate judge's questions, Hurtado-Candelo confirmed that he understood the charge to which he was pleading guilty and that he had reviewed his plea agreement with his counsel. The magistrate judge then proceeded to review the terms of Hurtado-Candelo's plea agreement with him, including his waiver of his right to appeal his sentence. With respect to the plea agreement's waiver provision, the magistrate judge informed Hurtado-Candelo that:

> You're also expressly waiving and giving up your right to appeal your sentence to a higher court on any ground, including the ground that the Court made a mistake in determining your applicable Guideline range, using the United States Sentencing Guidelines.

The magistrate judge further informed Hurtado-Candelo that "[t]here's only four very limited grounds . . . that would remain for you to be able to appeal your sentence to a higher court," and that "[t]he four very limited grounds that would remain . . . as a basis for you to appeal are as follows":

> First, you can appeal on the ground that your sentence exceeds your applicable Guideline range, as determined by the Court, using the United States Sentencing Guidelines.
>
> Second, you can appeal on the ground that your sentence exceeds the statutory maximum penalty.
>
> Third, you can appeal on the ground that your sentence violates the Eighth Amendment to the Constitution, which prohibits cruel and unusual punishment.
>
> And, fourth, if the government appeals, you can appeal.

The magistrate judge then reiterated to Hurtado-Candelo that, "[o]ther than those four very limited bases, you're giving up and waiving your right to appeal your sentence to a higher court." Lastly, the magistrate judge specifically confirmed with Hurtado-Candelo that he was "making that decision freely and voluntarily, to give up and waive your right to appeal your sentence to a higher court."

Following the change-of-plea hearing, the magistrate judge issued a report and recommendation in which she recommended

6                    Opinion of the Court              21-12809

that the district court accept Hurtado-Candelo's plea. Shortly thereafter, the district court adopted the magistrate judge's recommendation and accepted the plea.

Prior to sentencing, the U.S. Probation Office prepared a presentence investigation report (PSI) for Hurtado-Candelo. Among other things, the PSI set out the relevant conduct of Hurtado-Candelo and his codefendants for purposes of determining the scope of their conspiracy. Based on statements from Hurtado-Candelo and one of his codefendants, the PSI stated that Hurtado-Candelo's role, along with another of the three persons on the vessel, was to serve as a "mariner" in charge of piloting the vessel to its destination; that the remaining two persons were, respectively, the "captain" and "mechanic" of the vessel; and that, when Hurtado-Candelo boarded the vessel, the cocaine was already stowed and hidden from sight. The PSI noted that the statutory maximum term for Hurtado-Candelo's offense was life and, based on Hurtado-Candelo's offense level and criminal history, recommended a Guidelines range of 168–210 months.

In July 2021, the district court sentenced Hurtado-Candelo. At the sentencing hearing, Hurtado-Candelo objected to the PSI's failure to include a two-point reduction in his offense level for his "minor" role in the conspiracy pursuant to U.S.S.G. § 3B1.2.[3]

---

[3] Section 3B1.2 of the Guidelines—the "Mitigating Role" section—provides that:

21-12809                Opinion of the Court                7

Hurtado-Candelo advanced two arguments in support of his requested minor-role reduction. First, he argued that the district court should consider his conduct in light of the actions of other unidentified persons on either side of the drug distribution chain. To that end, Hurtado-Candelo sought to introduce testimony from a DEA agent who had worked on Hurtado-Candelo's case. However, the district court rejected his argument without hearing witness testimony, principally because Hurtado-Candelo sought to expand the relevant conspiracy conduct while simultaneously refusing to increase the amount of cocaine for which the conspirators were responsible.

Second, Hurtado-Candelo argued that, even if the court considered only the actions of the four codefendants, Hurtado-Candelo should still receive a minor-role reduction. In support, he called the DEA agent—who he had attempted to call earlier in the hearing—to testify about his role as a "mariner" in the smuggling conspiracy. Nevertheless, the district court rejected his request for a minor-role reduction, emphasizing, among other things, the

---

Based on the defendant's role in the offense, decrease the offense level as follows:

(a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.

(b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.

In cases falling between (a) and (b), decrease by 3 levels.

U.S.S.G. § 3B1.2.

tremendous monetary value of the smuggled cocaine and the fact that Hurtado-Candelo was paid "twice as much" as one of the other codefendants for his role in the conspiracy.

Over Hurtado-Candelo's objections, the district court adopted the PSI, including its recommended Guidelines range of 168–210 months. On the government's recommendation, the district court then applied a three-point downward departure to Hurtado-Candelo's offense level for substantial assistance, leading to a revised Guidelines range of 121–151 months. The district court sentenced Hurtado-Candelo to a mid-Guidelines sentence of 135 months' imprisonment. Hurtado-Candelo timely appealed. Shortly thereafter, the government filed a motion to dismiss the appeal based on Hurtado-Candelo's sentence appeal waiver.

## II.    Discussion

"A plea agreement is, in essence, a contract between the Government and a criminal defendant. Among the considerations that a defendant may offer as part of such a contract is waiver of his right to appeal, provided that the waiver is made knowingly and voluntarily." *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999). "When a defendant attempts to appeal a sentence in the face of an appeal waiver, the government may file a motion to dismiss the appeal based upon the waiver." *United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997). To establish that an appeal waiver was knowing and voluntary, "the government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy,

or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).

We enforce knowing and voluntary appeal waivers "according to their terms." *United States v. Boyd*, 975 F.3d 1185, 1190 (11th Cir. 2020) (quotation omitted). "A waiver of the right to appeal includes a waiver of the right to appeal difficult or debatable legal issues—indeed, it includes a waiver of the right to appeal blatant error." *Howle*, 166 F.3d at 1169. In negotiating plea agreements, defendants are "free to bargain away [their] right to raise constitutional issues as well as non-constitutional ones." *United States v. Bascomb*, 451 F.3d 1292, 1297 (11th Cir. 2006).

On the other hand, "an effective waiver is not an absolute bar to appellate review." *United States v. Johnson*, 541 F.3d 1064, 1068 (11th Cir. 2008). "[T]here are certain fundamental and immutable legal landmarks within which the district court must operate regardless of the existence of sentence appeal waivers." *Bushert*, 997 F.2d at 1351 n.18. We have stated that "[k]ey concepts of equal protection might [] defeat the enforcement of a waiver if the defendant was sentenced deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *Id.* (quotation omitted). And we have indicated that, "[i]n extreme circumstances," such as "a public flogging," "due process may require that an appeal be heard despite a previous waiver." *Howle*, 166 F.3d at 1169 n.5.

Hurtado-Candelo's plea agreement contains a valid sentence appeal waiver. In the plea agreement, subject to four discrete exceptions, Hurtado-Candelo "expressly waive[d] the right to appeal [his] sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines." We have no doubt that Hurtado-Candelo's sentence appeal waiver was knowing and voluntary. At his change-of-plea hearing, the magistrate judge ascertained Hurtado-Candelo's competency, confirmed that he had reviewed his plea agreement with his attorney, and explicitly questioned him in detail about his sentence appeal waiver. Indeed, Hurtado-Candelo concedes that his plea agreement's sentence appeal waiver "was explained to him, and that he acknowledged it was understood."

Moreover, Hurtado-Candelo's sentence appeal waiver applies to this case. On appeal, Hurtado-Candelo challenges the district court's decision not to apply a minor-role reduction in calculating his Guidelines range. That challenge does not fall within any of the four discrete exceptions to the sentence appeal waiver set out in Hurtado-Candelo's plea agreement, which allows him to appeal his sentence if, and only if: (1) "the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines"; (2) "the sentence exceeds the statutory maximum penalty"; (3) "the sentence violates the Eighth Amendment to the Constitution"; or (4) "the government exercises its right to appeal the sentence

imposed." Hurtado-Candelo does not base his challenge to his sentence on any of these grounds: he does not assert that his sentence exceeded either the Guidelines range the district court calculated or his statutory maximum, he advances no Eighth Amendment argument, and the government has not appealed Hurtado-Candelo's sentence. Indeed, Hurtado-Candelo's challenge to the district court's calculation of his Guidelines range falls within the express grounds *included* in his sentence appeal waiver, which explicitly prohibits him from challenging his sentence on the basis that the district court "erred in determining [his] applicable guidelines range." A clearer application of a sentence appeal waiver is hard to imagine.

Notwithstanding his valid appeal waiver, Hurtado-Candelo argues that we can decide his appeal because he was denied "fundamental procedural due process" at his sentencing hearing and therefore suffered a "miscarriage of justice." In essence, he claims that, although he was allowed to put on witness testimony at his sentencing hearing regarding his "minor" role in the conspiracy to distribute cocaine, the district court infringed on his due process rights by not allowing him to introduce that testimony before the district court determined the relevant conspiracy conduct. We doubt that this argument has merit, but need not, and do not, decide its merits, because Hurtado-Candelo's sentence appeal waiver precludes it. We have repeatedly dismissed sentencing appeals raising constitutional issues, including due process issues, where an appeal waiver precluded them. *See, e.g.*,

*United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005) (dismissing appeal due to waiver that included due process and Sixth Amendment claims under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny); *Bascomb*, 451 F.3d at 1297 (collecting cases in which we have enforced appeal waivers in cases involving constitutional challenges). And, although some other circuits have, we have never adopted a "miscarriage of justice" exception to appeal waivers. *See Johnson*, 541 F.3d at 1069 n.5.

Granted, "[i]n extreme circumstances . . . due process may require that an appeal be heard despite a previous waiver." *Howle*, 166 F.3d at 1169 n.5. But Hurtado-Candelo has presented no extreme circumstances. At its core, his dispute is simply that the district court miscalculated his Guidelines range by denying him a role reduction—a garden-variety sentencing challenge if ever there was one.

For the foregoing reasons, we **GRANT** the government's motion to dismiss Hurtado-Candelo's appeal based on the sentence appeal waiver in the plea agreement. The appeal is **DISMISSED**.