**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13389

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

TRENTON KNIGHT,
   a.k.a. Tenton Knight,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:22-cr-00152-HES-SJH-2

_____

Before LUCK, LAGOA, and MARCUS, Circuit Judges.

PER CURIAM:

Trenton Knight appeals from his conviction and 188-month sentence for one count of conspiracy to distribute and to possess

with intent to distribute 500 or more grams of a mixture and substance containing a detectable amount of methamphetamine. On appeal, Knight seeks to challenge the district court's calculation of his sentence. The government, in turn, moved to dismiss Knight's appeal based on a sentence-appeal waiver in his plea agreement. After thorough review, we agree with the government and dismiss Knight's appeal.

We review the validity of a sentence appeal waiver de novo. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). We also review de novo whether a defendant knowingly and voluntarily waived his right to appeal his sentence. *United States v. Benitez-Zapata*, 131 F.3d 1444, 1446 (11th Cir. 1997).

A sentence appeal waiver found in a plea agreement will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). To establish that a sentence appeal waiver was made knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id*. at 1351; *see also* Fed. R. Crim. P. 11(b)(1)(N) (requiring that the district court inform the defendant of the terms of an appeal waiver). The touchstone for assessing whether an appeal waiver was knowing and voluntary is whether it was clearly conveyed to the defendant that he was giving up his right to appeal under most circumstances. *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020). "[W]here it is clear from

the plea agreement and the Rule 11 colloquy, or from some other part of the record, that the defendant knowingly and voluntarily entered into a sentence appeal waiver, that waiver should be enforced without requiring the government to brief the merits of the appeal." *United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997). "An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005).

Here, Knight's appeal waiver is enforceable. For starters, the record shows that Knight knowingly and voluntarily waived his right to appeal his sentence. Before the district court, Knight entered into a plea agreement, which he signed on August 16, 2023. The agreement included a waiver of his right to appeal that read:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range *as determined by* the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution;

provided, however, that if the government exercises
its right to appeal the sentence imposed, as author-
ized by 18 U.S.C. § 3742(b), then the defendant is re-
leased from his waiver and may appeal the sentence
as authorized by 18 U.S.C. § 3742(a).

At the Rule 11 hearing, the magistrate judge specifically
questioned Knight on the sentence-appeal waiver provision of the
plea agreement.  In particular, the magistrate judge pointed out
that, under the agreement, Knight had waived his right to appeal
his sentence -- including his right to challenge an "incorrect appli-
cation of the sentencing guidelines" -- except for the circumstances
that were listed.  The magistrate judge then explained those cir-
cumstances, specifically, if the sentence: (1) exceeded the applicable
guideline range as determined by the court; (2) exceeded the statu-
tory maximum penalty; or (3) violated the Eighth Amendment's
prohibition on cruel and unusual punishment.  The magistrate
judge also noted that Knight could appeal if the government ap-
pealed first.  Thereafter, Knight affirmed that he understood the
sentence-appeal waiver provision, as well as all other provisions of
the agreement.  Moreover, during the thorough plea colloquy, the
magistrate judge confirmed that the plea was free from coercion
and that Knight understood the nature of the charge against him
and the consequences of his guilty plea.  On this record, the sen-
tence-appeal waiver was made knowingly and voluntarily.

Further, none of the exceptions to the waiver apply.  On ap-
peal before us, Knight attempts to challenge the court's calculation

of the Sentencing Guideline range based on both the drug-quantity determination and the two-level firearm-possession enhancement. Neither of these two challenges fits within the limited exceptions to the sentence-appeal waiver provision, so Knight has waived his right to raise these claims on appeal.

Because Knight's guilty plea was knowing and voluntary, and the magistrate judge confirmed that he fully understood each of its terms, including its sentence-appeal waiver provision, the sentence-appeal waiver is valid and enforceable and forecloses Knight's two sentence-calculation challenges on appeal. Accordingly, we grant the government's motion to dismiss the appeal.

**DISMISSED.**